**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

In re: FRIESON, DIANA                   § Case No. 13-35091
                                        §
                                        §
                                        §
Debtor(s)                               §

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on September 03, 2013.  The undersigned trustee was appointed on *bad date*.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of         $         83,942.51

   Funds were disbursed in the following amounts:
   Payments made under an
      interim distribution                                       0.00
   Administrative expenses                                  33,613.45
   Bank service fees                                            70.82
   Other payments to creditors                                   0.00
   Non-estate funds paid to 3rd Parties                          0.00
   Exemptions paid to the debtor                            15,000.00
   Other payments to the debtor                                  0.00

   Leaving a balance on hand of [1]           $         35,258.24

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 05/07/2014 and the deadline for filing governmental claims was 03/02/2014.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $6,697.13. To the extent that additional monies are earned prior to case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $5,411.00, for a total compensation of $5,411.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/08/2014     By: /s/ILENE F. GOLDSTEIN AS TRUSTEE
                         Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

**Form 1**

Page: 1

## Individual Estate Property Record and Report
## Asset Cases

Case Number: 13-35091  
Case Name: FRIESON, DIANA  

Period Ending: 08/08/14

Trustee: (330290) ILENE F. GOLDSTEIN AS TRUSTEE  
Filed (f) or Converted (c): 09/03/13 (f)  
§341(a) Meeting Date: 10/17/13  
Claims Bar Date: 05/07/14

| 1 Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | 2 Petition/ Unscheduled Values | 3 Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4 Property Abandoned OA=§554(a) | 5 Sale/Funds Received by the Estate | 6 Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| 1 Location: 1018 Highland Avenue, Waukegan, 60085  Imported from original petition Doc# 1 | 70,000.00 | 0.00 | | 0.00 | FA |
| 2 Chase Bank checking Account  Imported from Amended Doc#: 10 | 200.00 | 0.00 | | 0.00 | FA |
| 3 Miscellaneous furniture  Imported from Amended Doc#: 10 | 300.00 | 0.00 | | 0.00 | FA |
| 4 Clothes, shoes and coats  Imported from Amended Doc#: 10 | 100.00 | 0.00 | | 0.00 | FA |
| 5 Lawsuit  Imported from Amended Doc#: 10 | Unknown | 0.00 | | 83,942.51 | 0.00 |
| 6 2004 Nissan Murano - 150,00 miles  Imported from Amended Doc#: 10 | 6,000.00 | 100.00 | | 0.00 | FA |
| 6 Assets Totals (Excluding unknown values) | $76,600.00 | $100.00 | | $83,942.51 | $0.00 |

**Major Activities Affecting Case Closing:**

Status: The Trustee is evaluating a personal injury Law suit. She has made contact with the current PI lawyer and is gathering valuation and information.

**Initial Projected Date Of Final Report (TFR):** December 31, 2015  **Current Projected Date Of Final Report (TFR):** December 31, 2015

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 13-35091  
**Case Name:** FRIESON, DIANA  
**Taxpayer ID #:** **-***5772  
**Period Ending:** 08/08/14  

**Trustee:** ILENE F. GOLDSTEIN AS TRUSTEE (330290)  
**Bank Name:** Rabobank, N.A.  
**Account:** ******5366 - Checking Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 07/10/14 | {5} | Country Insurance | Settlement | 1129-000 | 83,942.51 | | 83,942.51 |
| 07/21/14 | 101 | Salvi & Maher, L.L.C. | Special Counsel Fees | 3210-600 | | 33,333.33 | 50,609.18 |
| 07/21/14 | 102 | Salvi & Maher, L.L.C. | Special Counsel Expenses | 3220-610 | | 280.12 | 50,329.06 |
| 07/21/14 | 103 | Diana Frieson | Exemption | 8100-002 | | 15,000.00 | 35,329.06 |
| 07/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 70.82 | 35,258.24 |
| | | | ACCOUNT TOTALS | | 83,942.51 | 48,684.27 | $35,258.24 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 83,942.51 | 48,684.27 | |
| | | | Less: Payments to Debtors | | | 15,000.00 | |
| | | | NET Receipts / Disbursements | | $83,942.51 | $33,684.27 | |

|  |  |
|---|---|
| Net Receipts : | 83,942.51 |
| Less Payments to Debtor : | 15,000.00 |
| Net Estate : | $68,942.51 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # ******5366 | 83,942.51 | 33,684.27 | 35,258.24 |
| | $83,942.51 | $33,684.27 | $35,258.24 |

{} Asset reference(s)                                                                 Printed: 08/08/2014 01:53 PM    V.13.15

# EXHIBIT C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** May 7, 2014

**Case Number:** 13-35091  
**Debtor Name:** FRIESON, DIANA

Page: 1

**Date:** August 8, 2014  
**Time:** 01:53:27 PM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 200 | ILENE F. GOLDSTEIN AS TRUSTEE<br>900 Skokie Blvd<br>Suite 128<br>Northbrook, IL 60062 | Admin Ch. 7 | | $5,411.00 | $0.00 | 5,411.00 |
| 200 | LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED<br>900 Skokie Blvd<br>Suite 128<br>Northbrook, IL 60062 | Admin Ch. 7 | | $15.68 | $0.00 | 15.68 |
| 200 | LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED<br>900 Skokie Blvd<br>Suite 128<br>Northbrook, IL 60062 | Admin Ch. 7 | | $3,290.00 | $0.00 | 3,290.00 |
| 1<br>610 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | History: Details1-102/28/2014Claim #1 filed by Capital One Bank (USA), N.A., Amount claimed: $196.11 (Matchett, Amanda )<br>------------------------------------------------------------------------------* * * | $196.11 | $0.00 | 196.11 |
| 2<br>610 | Capital Recovery V, LLC<br>c/o Recovery Management Systems Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami, FL 33131-1605 | Unsecured | History: Details2-104/27/2014Claim #2 filed by Capital Recovery V, LLC, Amount claimed: $1518.99 (Singh, Ramesh )<br>------------------------------------------------------------------------------* * * | $1,518.99 | $0.00 | 1,518.99 |
| 3<br>610 | Capital Recovery V, LLC<br>c/o Recovery Management Systems Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami, FL 33131-1605 | Unsecured | History: Details3-104/27/2014Claim #3 filed by Capital Recovery V, LLC, Amount claimed: $2488.89 (Singh, Ramesh )<br>------------------------------------------------------------------------------* * * | $2,488.89 | $0.00 | 2,488.89 |
| 1I<br>640 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $0.24 | $0.00 | 0.24 |
| 2I<br>640 | Capital Recovery V, LLC<br>c/o Recovery Management Systems Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami, FL 33131-1605 | Unsecured | | $1.83 | $0.00 | 1.83 |
| 3I<br>640 | Capital Recovery V, LLC<br>c/o Recovery Management Systems Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami, FL 33131-1605 | Unsecured | | $3.01 | $0.00 | 3.01 |
| SURPLUS<br>650 | FRIESON, DIANA<br>2935 MEADOW LARK LANE<br>WAUKEGAN, IL 60087 | Unsecured | | $22,332.49 | $0.00 | 22,332.49 |
| **<< Totals >>** | | | | 35,258.24 | 0.00 | 35,258.24 |

**TRUSTEE'S PROPOSED DISTRIBUTION**  Exhibit D

Case No.: 13-35091
Case Name: FRIESON, DIANA
Trustee Name: ILENE F. GOLDSTEIN AS TRUSTEE

**Balance on hand:** $ 35,258.24

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 35,258.24

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - ILENE F. GOLDSTEIN AS TRUSTEE | 5,411.00 | 0.00 | 5,411.00 |
| Attorney for Trustee, Fees - LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED | 3,290.00 | 0.00 | 3,290.00 |
| Attorney for Trustee, Expenses - LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED | 15.68 | 0.00 | 15.68 |

Total to be paid for chapter 7 administration expenses: $ 8,716.68
Remaining balance: $ 26,541.56

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 26,541.56

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

**UST Form 101-7-TFR (05/1/2011)**

|  |  |
|---|---|
| Total to be paid for priority claims: | $ 0.00 |
| Remaining balance: | $ 26,541.56 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 4,203.99 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Capital One Bank (USA), N.A. | 196.11 | 0.00 | 196.11 |
| 2 | Capital Recovery V, LLC | 1,518.99 | 0.00 | 1,518.99 |
| 3 | Capital Recovery V, LLC | 2,488.89 | 0.00 | 2,488.89 |

|  |  |
|---|---|
| Total to be paid for timely general unsecured claims: | $ 4,203.99 |
| Remaining balance: | $ 22,337.57 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  |  |
|---|---|
| Total to be paid for tardy general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 22,337.57 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | None | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 22,337.57

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.1% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $5.08. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $22,332.49.

**UST Form 101-7-TFR (05/1/2011)**